**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL NO. 1:13CV253-RJC-DSC**

| | |
|---|---|
| **JEFFREY W. TEASTER,** ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND RECOMMENDATION** |
| ) | |
| **CAROLYN W. COLVIN,** ) | |
| **Commissioner of Social** ) | |
| **Security Administration,** ) | |
| Defendant. ) | |
| _____) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Judgment on the Pleadings" (document #11) and "Memorandum in Support ..." (document #12), both filed March 7, 2014, and Defendant's "Motion for Summary Judgment" (document #13) and "Memorandum in Support ..." (document #14), both filed May 6, 2014. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.[1]

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Judgment on the Pleadings be denied; that Defendant's Motion for Summary Judgment be granted; and that the Commissioner's decision be affirmed.

---

[1] Pursuant to the Text-Only Social Security Scheduling Order entered on January 10, 2014, this matter is ripe upon the filing of Defendant's Motion and Memorandum. Local Civil Rule 7.1 (E) clarifies that the briefing schedule applicable under Rule 7.1 does not apply in Social Security appeals.

# I. **PROCEDURAL HISTORY**

On July 23, 2010, Plaintiff filed an application for a period of disability, disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") alleging that he was unable to work on July 23, 2010. (Tr. 153-71).

Plaintiff's application was denied initially and upon reconsideration. Plaintiff subsequently requested a hearing which was held on March 9, 2012. (Tr. 44-69).

On April 25, 2012, the Administrative Law Judge ("ALJ") found that Plaintiff was not disabled. (Tr. 31-39). The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 33). The ALJ also found that Plaintiff suffered from severe right foraminal narrowing at C6, small focal disc protrusion at T8-9 level, and mild disc degeneration at T4-5 and T5-6, which were severe impairments within the meaning of the regulations (Tr. 33). The ALJ noted that Plaintiff had been diagnosed with depressive disorder but found this impairment to be non-severe. (Tr. 34-35). The ALJ determined that none of Plaintiff's impairments, separately or in combination, met or equaled any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 35). The ALJ then found that Plaintiff retained the Residual Functional Capacity ("RFC")[2] to perform light work with limitations for a sit/stand option with alternating as needed; no climbing; occasional postural activities and reaching above shoulder level; avoiding vibration, hazardous heights and machinery; and performance of simple, routine, repetitive tasks due to his pain medications. (Tr. 35-37).

---

[2] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

The ALJ found that Plaintiff could not perform his past relevant work as a warehouse picker, auto parts processing assistant or pool builder. (Tr. 37-38).

The ALJ then properly shifted the burden to the Secretary to show the existence of other jobs in the national economy that Plaintiff could perform. In response to a hypothetical that factored in the above limitations, the Vocational Expert ('V.E.") identified jobs (hand packager, sorter, assembler and inspector) that Plaintiff could perform. The V.E. also stated that 5,700 of those jobs existed in North Carolina. (Tr. 38-390) The ALJ found Plaintiff capable of performing work existing in significant numbers in the national economy, and concluded that he was not disabled during the relevant period. (Tr. 39).

Plaintiff filed a timely Request for Review by the Appeals Council. By notice dated August 21, 2013, the Appeals Council denied Plaintiff's request for further administrative review. (Tr. 1-6).

Plaintiff filed the present action on September 27, 2013. He assigns error to the ALJ's failure to utilize a psychiatric review technique form ("PRT"), 20 C.F.R. § 404.1520(a), to evaluate the severity of his mental impairment at step two of the analysis. See Plaintiff's "Memorandum in Support ..." at 1, 4-9 (document #12). The parties' cross-Motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether

the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

# III.  DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled at any time.[3] Plaintiff's only assignment of error concerns the ALJ's failure to use the PRT to evaluate his mental impairments at step two of the sequential process.  The ALJ did not discuss Plaintiff's alleged mental impairments at step two (Tr. 33-34).  The ALJ did, however, find that Plaintiff had severe impairments (id.), and continued with the sequential evaluation (Tr. 35-39).  The ALJ found that Plaintiff's mental impairments did not result in significant work-related limitations (Tr. 37).  Since the ALJ properly considered Plaintiff's mental impairments at a subsequent step of the evaluation, his decision is supported by substantial evidence.

Step two of the sequential process requires the ALJ to consider whether a claimant has a medically severe impairment or a combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), (c), 416.920(a)(4)(ii), (c).  An impairment is severe within the meaning of the Social Security regulations if it imposes significant limitations on the claimant's ability to perform basic work activities.  20 C.F.R. §§ 404.1521(a), 416.921(a).  Basic work activities are defined as the abilities and aptitudes necessary to do most jobs.  Examples of basic work activities include physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out, and

---

[3] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting.  20 C.F.R. §§ 404.1521(b), 416.921(b).  An impairment is not severe if it "has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work." Evans v. Heckler, 734 F.2d 1012, 1014 (4th Cir.1982).

The Fourth Circuit has not addressed the issue of whether the failure to use a PRT at step two requires remand.  There is a split of authority among other Circuits.  See Shivel v. Astrue, 260 Fed. Appx. 88, 91 (10th Cir. 2008) (Appeals Council's failure to comply with 20 C.F.R. § 404.1520a required remand); Selassie v. Barnhart, 203 Fed. Appx. 174, 176 (9th Cir. 2006) (ALJ's failure to document his application of the special technique was error); Moore v. Barnhart, 405 F.3d 1208, 1214 (11th Cir. 2005) (where a claimant presented a colorable claim of mental impairment, the Social Security regulations require the ALJ to complete a PRT form and append it to the decision, or incorporate its mode of analysis into his findings and conclusions; failure to do so requires remand); but see Rabbers v. Commissioner of Social Sec. Admin., 582 F.3d 647 (6th Cir. 2009) (when presented with ALJ's failure to use the PRT, "a reviewing court need only ask whether the record indicates that the claimant's mental impairment would have ultimately satisfied the B criteria"); Lazore v. Astrue, No. 5:07–276, 2010 WL 3907769, at *7 (N.D.N.Y. Sept. 30, 2010), aff'd, 443 Fed. Appx. 650 (2d. Cir. 2011) (ALJ's failure to document his findings specific to the four functional areas was harmless because the ALJ made detailed assessment of claimant's daily activities, ability to function socially and in the workplace, and ability to maintain attention and concentration).

The undersigned concludes that any failure to discuss mental impairments or use the PRT

6

at step two of the sequential evaluation is harmless when the ALJ proceeds to evaluate Plaintiff's mental impairments at a subsequent step. See French v. Colvin, No. 12-297, Memorandum and Recommendation, 2014 WL 1331042, at * 6 (E.D.N.C. Feb. 24, 2014) (ALJ's failure to apply the special technique at step two did not constitute reversible error where the ALJ addressed the mental impairments in subsequent steps), affirmed 2014 WL 1331031 (E.D.N.C. March 31, 2014); Young v. Astrue, No. 1:09CV1008, 2013 WL 474787, at *10 (M.D.N.C. Feb. 7, 2013) (M.J. Auld) (where the ALJ determined that Plaintiff had a severe impairment, any failure to find that another impairment was severe is generally not reversible error because the Commissioner continued with the sequential evaluation process).

Substantial evidence supports the ALJ's finding that Plaintiff's alleged mental impairments did not cause any workplace limitations. See 20 C.F.R. §§ 404.1520(a)(4)(ii), (b), (c), 416.920(a)(4)(ii), (b), (c). The medical evidence supports the ALJ's assessment of Plaintiff's mental impairments. The record contains numerous mental status exams within normal limits. (Tr. 236, 243, 246, 256, 264, 269, 292, 297, 313, 315, 360, 372, 382). Plaintiff denied having any psychological symptoms on multiple occasions. (Tr. 253, 255, 264, 269). On September 28, 2010, he failed to mention any mental health concerns to the consultative examiner, Dr. Mabe, and denied depression, anxiety, or nervousness. (Tr. 272, 274). While some records show diagnoses of depression and anxiety, they were treated conservatively. (Tr. 305, 307, 312, 318, 328).

The mere diagnosis of a condition does not establish disability. Gross v. Heckler, 785 F.2d 1163, 1165 (4th Cir.1986). A symptom that can be reasonably controlled by medication or treatment is not disabling. Id. at 1166. On August 26, 2011, Plaintiff visited his doctor to

obtain a prescription for depression medication, but did not manifest any symptoms. (Tr. 315-16). On September 7, 2011, Dr. John Rouchard, Plaintiff's primary treating source, completed a treating source statement that failed to mention any mental health impairments or resulting limitations. (Tr. 335-37). Although Plaintiff complained of short-term memory issues (Tr. 353), he exhibited good recent and remote memory upon examination (Tr. 360, 372, 382, 395, 409, 422). His memory issues may have been related to his pain. (Tr. 385). Moreover, the record shows that his mental health symptoms were well controlled. (Tr. 389, 402).

When he applied for benefits, Plaintiff did not include any mental impairments in the Adult Disability Report. (Tr. 187). At the hearing, his counsel stated that Plaintiff was disabled from a combination of impairments, but did not mention any mental impairments. (Tr. 48-49). Plaintiff did not discuss any mental impairments during his testimony (Tr. 49-65), even when he was asked if there were any medical problems or limitations that had not been discussed. (Tr. 62-63). The record does not establish that Plaintiff's mental impairments caused any workplace limitations. Nor does Plaintiff argue that his mental impairments caused workplace limitations or rendered him disabled.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994) (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). This is precisely such a case, as it contains substantial evidence to support the ALJ's treatment of the record and the hearing testimony, and his ultimate determination that Plaintiff was not disabled.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Judgment on the Pleadings" (document #11) be **DENIED;** that Defendant's "Motion for Summary Judgment" (document #13) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED.**

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: May 13, 2014



David S. Cayer
United States Magistrate Judge